THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Travis Smith, Appellant.
 
 
 
 
 

Appeal From Spartanburg County
J. Derham Cole, Circuit Court Judge

Unpublished Opinion No. 2011-UP-201   
Submitted May 1, 2011  Filed May 3, 2011

AFFIRMED

 
 
 
 Appellate Defender Kathrine H. Hudgins, of
 Columbia, for Appellant.
 Attorney General Alan M. Wilson, Chief
 Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General
 Salley W. Elliott, and Assistant Attorney General Deborah R.J. Shupe, all of
 Columbia; and Solicitor Barry Barnette, of Spartanburg, for Respondent.
 
 
 

PER CURIAM: Travis
 Smith appeals his conviction for trafficking in cocaine, arguing the circuit
 court erred when it denied his motion to suppress evidence of cocaine as fruit
 of an illegal search.  He contends the deputy lacked a reasonable suspicion he
 was armed when the deputy asked him to step out of a vehicle for a pat-down
 search.  We affirm.[1]
"On appeals from a motion to suppress based on Fourth Amendment grounds,
 [an appellate court] applies a deferential standard of review and will reverse
 if there is clear error."  State v. Tindall, 388 S.C. 518,
 521, 698 S.E.2d 203, 205 (2010).  An appellate court, however, may review the
 record to "determine whether the [circuit
 court's] decision is supported by the evidence."  Id.  Once
 a vehicle is lawfully stopped, officers "may order passengers to get out
 of the car pending completion of the stop."  Maryland v. Wilson,
 519 U.S. 408, 414-15 (1997) (reasoning that "danger to an officer from a
 traffic stop is likely to be greater when there are passengers in addition to
 the driver of a stopped car").  Moreover, the Fourth Amendment
 "permit[s] a reasonable search for weapons for the protection of the
 police officer, where he has reason to believe that he is dealing with an armed
 and dangerous individual, regardless of whether he has probable cause to arrest
 the individual for a crime."  Terry v. Ohio, 392 U.S. 1, 27
 (1968).  The circuit court must decide "whether a reasonably prudent man
 in the circumstances would be warranted in the belief that his safety or that
 others was in danger."  Id.
In affirming the
 circuit court, we rely on State v.
 Smith, 329 S.C. 550, 553-54, 495
 S.E.2d 798, 800 (Ct. App. 1998), in which this court upheld the circuit court's
 denial of a motion to suppress evidence when an officer ordered a driver out of
 the car and frisked him because he "was fidgeting and looking around on
 the inside like looking for a weapon."  The officer in Smith testified he "thought for officer safety, better to bring him out of the
 vehicle to keep him away from any weapons opportunity." Id. at 554,
 495 S.E.2d at 800.  Here, given the circumstances, the deputy's concern for his
 safety was reasonable.  Smith presented the deputy with a hotel key card instead
 of his identification.  Moreover, Smith appeared to the deputy as if he was
 trying to conceal something in his baggy clothing while he searched for his
 identification.  The deputy testified he was concerned Smith had a gun.  We
 find no clear error in the circuit court's ruling that the pat-down search was
 reasonable and refusal to suppress the cocaine evidence that was subsequently
 abandoned by Smith.  Accordingly, the decision of the circuit court is
AFFIRMED.
HUFF, WILLIAMS, and
 THOMAS, JJ., concur.  

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.